**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARUSH L.L.C. & SHARUT FURNITURE, INC., | : | **OPINION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 2:12-02167-WHW-MCA |
| | : | |
| MACY'S INC. f/k/a FEDERATED DEPARTMENT STORES, INC. and BLOOMINGDALE'S, INC. a/k/a BLOOMINGDALE'S, | : | |
| | : | |
| Defendants. | : | |

**<u>Walls, Senior District Judge</u>**

This matter is before the Court on Defendants' Macy's, Inc. (Macy's) and Bloomingdale's Inc. (Bloomingdale's) motion to dismiss the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court decides the motion without oral argument under Federal Rule of Civil Procedure 78(b). Defendants' motion is denied in part and granted in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Because on a 12(b)(6) motion Plaintiff's allegations are accepted as true, all facts are presented as alleged by Plaintiffs. Plaintiffs Darush L.L.C. (Darush) and Sharut Furniture, Inc. (Sharut) bring this lawsuit seeking damages against Defendants Macy's and Bloomingdale's for their refusal to pay an amount owed to Plaintiffs pursuant to a contract. Plaintiffs manufacture, sell and transport furniture to or on behalf of Defendants and Defendants' third party customers.

NOT FOR PUBLICATION

Plaintiffs' allegations are limited to the following: Defendants agreed to pay Plaintiffs for furniture sales, delivery and related services pursuant to "the contracts" between Plaintiffs and Defendants.  Compl. ¶ 4.  Plaintiffs provided the furniture sales, delivery and related services, which were received or used by Defendants or Defendants' third parties. Id. ¶ 5.  "Defendants were obligated to pay Plaintiffs for furniture sales, delivery and related services on presentation of invoices to Defendants." Id. ¶ 6.  "Plaintiffs billed Defendants the amount owed in accordance with the applicable rates and charges set forth in the contract." Id. ¶ 7.  Instead of paying, Defendants issued to Plaintiffs unauthorized and unsupported "charge backs." Id.

On February 13, 2012, Plaintiffs filed a complaint in state court against Defendants seeking damages for breach of contract, promissory estoppel, book account and quatum meruit. Id. ¶ 8-20.  Defendants removed the case to this court on April 11, 2012 based on federal diversity jurisdiction.  On April 18, 2012, Defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants argue that the Plaintiffs' complaint fails to state a claim upon which relief can be granted because it is too vague and does not allege sufficient facts.  Def. Mot. at 2, 4.  On May 21, 2012, Plaintiff filed an opposition to Defendants' motion and Defendants replied to Plaintiffs' opposition on May 30, 2012.

### STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the Court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

**NOT FOR PUBLICATION**

on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 546 (2007) (citations omitted).  Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

## DISCUSSION

### A. Breach of Contract and Book Account (Counts I&III)

To plead a breach of contract in New Jersey, a plaintiff must allege (1) there was a contract; (2) that contract was breached; (3) the breach resulted in damages, and (4) the person suing for breach performed his own contractual duties.  See generally Wade v. Kessler Inst., 778 A.2d 580, 586 (App. Div. 2001); Nat'l Reprographics, Inc. v. Strom, 621 F.Supp.2d 204, 222 (D.N.J. 2009) (interpreting and applying New Jersey law).  Similarly, to sufficiently plead a book account claim, a plaintiff must allege the same elements as a breach of contract claim.  See

NOT FOR PUBLICATION

Honeywell Int'l, Inc. v. O.A. Peterson Const. Co., 2008 WL 2340278, at *5

(N.J.Super.Ct.App.Div. June 10, 2008).  The only difference between the two claims is that in a

book account case, the books of account kept by plaintiffs may prove the amount owed.  Id.

 Here, both claims are dismissed because Plaintiffs have not alleged sufficient facts to

allow the Court to draw the reasonable inference that a contract existed.  The Plaintiffs allege:

(1) that under the contracts between Plaintiffs and Defendants, "Defendants agreed to pay

Plaintiffs for furniture sales, delivery and related services provided by Plaintiffs," Complaint ¶ 4;

(2) that "[t]he contract makes Defendants responsible for the payment of all Plaintiffs for

furniture sales, delivery and related services," Id;  (3) and that "Plaintiffs provided the furniture

sales, delivery and related services" and billed Defendants in the amount owed according to the

applicable rates and charges set forth in the contract, Id. ¶ 5, 7.

 Although Plaintiffs allege that "Defendants were obligated to pay Plaintiffs for furniture

sales, delivery and related services" under "the contract," compl. ¶ 6, the mere mention of a

contract(s) in the complaint does not provide sufficient facts for the Court to infer its existence.

See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (holding that a complaint which merely

states an agreement took place but provides no details to support that allegation is insufficient to

state a claim).  Plaintiffs' complaint does not identify the date and terms of the contract nor does

it point to any portion of a contract that was breached.  Plaintiffs allege that the contracts

breached are presented in Exhibit A, an itemized list of Defendants alleged unauthorized

itemized chargebacks to Plaintiffs.  Pl. Opp. at 6.  Exhibit A is an accounting kept by Plaintiffs

and is not a contract.  Because Plaintiffs have failed to allege sufficient facts to demonstrate the

existence of a contract, the motion to dismiss with respect to the breach of contract and book

account claims is granted.

NOT FOR PUBLICATION

## B. Promissory Estoppel (Count II)

In New Jersey, the elements of a claim for promissory estoppel are "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance and (4) definite and substantial detriment." Cotter v. Newark Hous. Auth., 422 F. App'x 95, 99 (3d Cir. 2011); Toll Bros., Inc. v. Bd. Of Chosen Freeholders of County of Burlington, 944 A.2d 1, 19 (N.J. 2008).

The Plaintiffs allege that pursuant to the contracts between Plaintiffs and Defendants, Defendants agreed to pay Plaintiffs for furniture sales, delivery and related services provided by Plaintiffs and that Defendants promised to pay Plaintiffs "the amount on an account stated between them." Complaint ¶ 6. For the reasons stated earlier, these allegations fail to provide sufficient facts for the Court to discern a clear and definite promise. The motion to dismiss with respect to promissory estoppel is granted.

## C. Quantum Meruit and Unjust Enrichment (Counts IV &V)

"To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." Smith v. Vanguard Dealer Servs., L.L.C., 2010 WL 5376316, at *4 (N.J.Super.App.Div. Dec. 21, 2010) (quoting VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 554 (N.J. 1994)). Quantum meruit, "which literally means as much as is deserved, is a remedy that rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. Thus, we strive to apply the equitable remedy of quantum meruit only when one party has conferred a benefit on another, and the circumstances are such that to deny recovery would be unjust." Kaplan v. Twp. of Old Bridge, 2010 WL 3517036, at *2 (N.J.Super.App.Div. Sept. 7, 2010.) To recover under a theory of quantum meruit, a plaintiff must establish: "(1) the performance of services in good

**NOT FOR PUBLICATION**

faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Id. Further, the existence of an express contract precludes the awarding of relief based on a quantum meruit claim. Kas Oriental Rugs, Inc. v. Ellman, 926 A.2d 287, 392 (N.J.Super.App.Div. 2007).

Assuming Plaintiffs cannot establish the validity of a contract, they still may be able to prove unjust enrichment or quantum meruit. Plaintiffs allege that they "conferred a benefit on Defendants in the form of furniture sales, delivery, and related services" and that Defendants received or used the items and services. Compl. ¶ 5, 19. Plaintiffs also allege that they expected payment in the reasonable value of the items and services. Id. ¶16, 19. Plaintiffs have alleged sufficient facts to allow the Court to infer that the services and benefits were not conferred gratuitously and that Defendants knew they were expected to pay for the items and services. Because Plaintiffs have sufficiently alleged facts to support both unjust enrichment and quantum meruit claims, the motion to dismiss is denied with respect to these two claims.

## CONCLUSION

Plaintiffs' breach of contract, book account and promissory estoppel claims are dismissed without prejudice. The court denies Defendant's motion with respect to the quantum meruit and unjust enrichment claims.

United States Senior District Judge